

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

**LETTER OPINION**

September 11, 2006

Nicholas Martino, Jr.. Esq.
33 Regina Road
Morganville, NJ 07751
*Attorney for Plaintiff*

Thomas A. Keenan, Esq.
Harwood Lloyd, LLC
130 Main St.
Hackensack, NJ 07601
*Attorney for Defendant Ridgefield Municipal Prosecutor*

   Re: **Lopez v. CSX Transportation Railway Police Dept. et al.**
      <u>**Civil Action No. 06-CV-1802 (WJM)**</u>

Dear Counsel:

   This matter comes before the Court on Defendant Ridgefield Municipal Prosecutor's ("Defendant RFP") motion pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Plaintiff Elvis Lopez' complaint in its entirety as to Defendant RFP.  Plaintiff opposes the motion.  The Court adjudicates this matter on the papers.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant RFP's motion to dismiss is **GRANTED** and Plaintiffs' complaint is **DISMISSED** in its entirety as to Defendant RFP.

Dockets.Justia.com

**BACKGROUND**

This is a civil rights action brought under 42 U.S.C. §§ 1981 and 1983 as well as New Jersey tort law for, among others, malicious prosecution, false arrest and imprisonment, and emotional distress. Plaintiff seeks $2,000,000 plus costs, and fees. Because this motion deals with a pointed inquiry into prosecutorial immunity, a brief recitation of the facts are sufficient.

On January 12, 2005, Plaintiff Lopez, a security officer employed by CSX Intermodal Terminals, Inc. was arrested by CSX Transportation Police for burglary and theft of certain electronic equipment from a CSX trailer. The charges were ultimately downgraded by the Bergen County Prosecutor's office to defiant trespass and possession of stolen property and the case was assigned to Defendant RFP. In a December 14, 2005 memo to the Hon. Louis J. Dinice, RFP asserted that the downgraded charges could not be proven beyond a reasonable doubt and that, after unsuccessfully attempting to have the Bergen County Prosecutor's Grand Jury unit take the case back and prosecute it with more appropriate charges, he was recommending dismissal. In a December 14, 2005 hearing, Judge Dinice dismissed the charges as per the memo. Plaintiff alleges that Defendant RFP "was at all time relevant hereto, a criminal prosecution office for Ridgefield Municipality," and "was responsible for the hiring, training, supervision, discipline, retention, firing and promotion of the prosecutors and the defendants herein." (Compl. ¶¶ 8, 14.) Plaintiff filed the Complaint with this Court on April 17, 2006. Defendat RFP filed this motion to dismiss on July 31, 2006, and Plaintiff filed his opposition on August 14, 2006.

**DISCUSSION**

**A.** <u>**Standard for Dismissal Pursuant to Rule 12(b)(6)**</u>

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Moreover, when a document attached to the motion to dismiss, but not submitted with the complaint, is undisputed and authentic and the basis for the plaintiff's claims, a court may consider such a document. *Pension Benefit*, 998 F.2d at 1196. Likewise, a document attached by a defendant to a motion to dismiss is considered part of the pleading if it is referred to in the complaint and is central to the plaintiff's claims. *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a

claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

> **B.  Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim is GRANTED**

The rule in the Third Circuit is that "[p]rosecutors enjoy absolute immunity for the decision to initiate a prosecution or dismiss charges" and for other conduct related to initiation and presentation of the state's case. *Jerrytone v. Musto et al.*, 167 Fed.Appx. 295, 300 (3d Cir. 2006); *accord Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992). Plaintiff concedes this general principles of absolute prosecutorial immunity, and none of the four cases Plaintiff cites in his opposition brief would apply here to deprive Defendant RFP of this immunity.[1] (Opp. Br. at 3.) Moreover, the Complaint and other briefings demonstrate that Defendant RFP's actions were wholly consistent with conduct related to the initiation, prosecution and dismissal of the state's case. Finally, Plaintiff in no way contends that Defendant RFP undertook any activities in pursuing these duties that were outside the normal scope of such duties.[2] Therefore, viewing the Complaint in the light most favorable to Plaintiff and assuming all of the facts as true, it is clear that Defendant RFP's actions here were related to initiation, presentation, and dismissal of the state's case and enjoy absolute immunity.

**CONCLUSION**

In summary, Defendant RFP's actions as related in the Complaint are cloaked in absolute prosecutorial immunity. Therefore, and for the reasons outlined above, Defendant's motion to dismiss must be **GRANTED**, and Plaintiffs' Complaint will be **DISMISSED** in its entirety as to Defendant RFP. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

---

[1] *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Robison v. Via*, 821 F.2d 913 (2d Cir. 1987); *Helstocki v. Goldstein*, 552 F.2d 564 (3d Cir. 1977); *Gallo v. City of Philadelphia*, 161 F.3d 217 (3d Cir. 1998).

[2] *See, e.g. Helstocki*, 552 F.2d at 566 (alleging deliberate leaks by a prosecutor of false information concerning plaintiff in order to damage plaintiff's political prospects).

3